IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BILLY G. ASEMANI, # 339096          *

       Plaintiff          *

       v.          *          CIVIL ACTION NO. RDB-09-1527

LT. ROBERT WEBSTER, et al.          *

       Defendants          *

## MEMORANDUM OPINION

Pending is a prisoner civil rights complaint filed pro se by Billy G. Asemani.  Defendant Lt. Robert Webster, by his attorney, moves for dismissal or, in the alternative, for summary judgment.  Asemani has filed a Motion for Summary Judgment.  The matter is ripe for review. Defendant relies on materials beyond the scope of the Complaint, and the motion shall be construed as one for summary judgment pursuant to Fed R. Civ. P. 56.  After careful consideration of the pleadings, exhibits, and applicable law, the Court determines that a hearing is unnecessary and Defendant is entitled to summary judgment.

## PLAINTIFF'S CLAIM

Asemani claims that he was denied access to the courts because he was deprived of envelopes when he was indigent in February, March, and April of 2009.  As a result, he claims that his appeal before the United States Court of Appeals for the Fifth Circuit was dismissed.

## BACKGROUND

Between February of 2009 and March 5, 2009, Asemani was housed at the Eastern Correctional Institution (ECI)- Housing Unit 8.  After March 5, 2009, Asemani was housed in the Administrative Segregation Observation Area and Housing Units 4 and 5 until he was transferred to the Western Correctional Institution on April 20, 2009.  Asemani complains that Lt. Webster deprived him of "welfare commissary" items.   Asemani explains that a "welfare

commissary" bag is provided to indigent prisoners on a monthly basis and contains personal items as well as up to thirty envelopes.

Defendant's verified exhibits show that $12.60 was deposited into Asemani's prisoner account on February 9, 2009, as payment for his job in the prison library.  In accordance with Division of Correction Directive DCD-175-2,(IV) (2) an indigent inmate is defined as someone "who in the previous 30 days has not received pay for an assignment and has not had $4.00 in his/her active and commissary accounts."  Thus, on March 9, 2009, Asemani qualified for a "welfare commissary" bag.  By that time, however, Lt. Webster was no longer responsible for Asemani's welfare or other needs because Asemani was moved to a different housing unit on March 5, 2009.   *See* Paper No. 11, Affidavit of Lt. Webster.  Asemani did not attempt to resolve his grievance through the Administrative Remedy Procedure at ECI.[1]

Asemani asserts that without envelopes he was unable to pursue his appeal of an order denying a Petition for Writ of Error Coram Nobis.  On March 3, 2009 and March 19, 2009, however, Asemani filed motions to extend time in the appeal, and both motions were granted.

On August 19, 2008, Asemani's Petition for Writ of Error Coram Nobis was denied by the United States District Court for the Southern District of Mississippi. *See Asemani v. United States*, 3:99-CR-121-TSL (D. S. Ms.).[2]   On May 22, 2009, the Fifth Circuit dismissed

---

[1]  The case is dismissible on this basis.  *See Chase, v. Peay,* 582 F. Supp. 523, 530, 582 (D. Md. 2003); *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md.1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner,* 532 U.S. 731, 735(2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief").  Errors or improper distribution of personal items and writing materials are the types of  grievances appropriately brought to the attention of correctional personnel before seeking relief in federal court.

[2]  In 1990, Asemani pleaded guilty in the United States District Court for the Southern District of Mississippi (Jackson) to: 1) health care fraud, 18 U.S.C. § 1347; 2) mail fraud, 18 U.S.C. § 1341, and 3) false statements, 18 U.S.C. § 1027,  related to practicing dentistry without a license.  He

Asemani's appeal for failure to prosecute. *See United States v. Asemani,* CA5 Docket No. 09-6008.

## STANDARD OF REVIEW

"[Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The Supreme Court has clarified that this does not mean that any factual

dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.,* 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 525 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290

---

was sentenced to three concurrent thirty-month terms of incarceration to be followed by three years of supervised release.  *See United States v. Asemani,*  3:99-cr-00121-TSL-JCS-1.
Notwithstanding Asemani's waiver of post-conviction relief per the plea agreement, he filed a § 2255 Motion toVacate which was dismissed. Following an appeal and remand, the § 2255 was denied on May 16, 2005.  Asemani appealed that denial and it was dismissed by the Fifth Circuit on August 28, 2006. *See United States v. Asemani,*  3:99-cr-00121-TSL-JCS-1.

F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).   "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

## DISCUSSION

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825, (1977); *Hudspeth v. Figgins*, 584 F.2d  1345, 1347 (4th  Cir. 1978). The Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable, but only when the inmate is able to demonstrate actual injury from the deprivation. *See Lewis v. Casey,* 518 U.S. 343, 349 (1996); *Magee v. Waters*, 810 F.2d 451, 452-53 (4th Cir.1987) (stating that "courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).   The Constitution does not guarantee inmates the ability to litigate every imaginable claim they can perceive, only that they be given the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis*. at 355.  The actual injury requirement is not satisfied by just any type of frustrated legal claim. *Id*. at 353.

 Under these facts,  Asemani qualified for a "welfare commissary" bag as of March 9, 2009.  By that time, however, Lt.  Webster was no longer responsible for Asemani's welfare or

4

other needs because Asemani was moved to a different housing unit on March 5, 2009.[3]   As

such, there is no basis for culpability.

Further, Asemani's claim of injury is that he was unable to file pleadings to advance

appeal of an order denying coram nobis relief, an extraordinary remedy, in a long-closed federal

case.[4]   The federal conviction is unrelated to his current state sentence for attempted murder in

the second degree, and is not material to his present confinement.[5]   The standard announced in

*Lewis* is not satisfied, and Defendant is entitled to summary judgment in his favor as a matter of

law.

December 17, 2009                              ____/s/_____
Date                                                    RICHARD D. BENNETT
                                                           UNITED STATES DISTRICT JUDGE

---

[3] Asemani does not claim other corrections officers were responsible for his lack of envelopes. Asemani has often filed self-made envelopes in this Court.  Although this Court advised Asemani  that the self-made envelopes were difficult to open and instructed him to submit his pleadings in standard envelopes,  Asemani does not allege that he was similarly instructed by the Fifth Circuit.

[4] In the Coram Nobis Petition, Asemani asserted that he stopped practicing dentistry in January of 1988 and the indictment was in error because it recited that he continued practicing dentistry until September 1998.  He claimed the Judgment of Conviction was in error because it recited that the offense concluded in September of 1998.  Without explanation, Asemani asserted the date of the offense was important to his then appeal challenging his deportation order in the Third Circuit.  He provides no further explanation here. Asemani, a frequent litigator in federal and state courts, has in prior cases exhaustively litigated the issue of his deportation.  *See e.g. Asemani v.  Attorney General*, 140 Fed Appx. 368 (3rd Cir. 2005); Civil Action No. RDB-05-1773 (D. Md), *Asemani v. Chertoff, et al*;  Civil Action No. AMD-05-2821 (D. Md); *Asemani v. United States*; and Civil Action  No. RDB-07-1615 (D. Md), *Asemani v. Islamic Republic of Iran, et al*.

[5] On April 26, 2006,  Asemani pleaded guilty in the Circuit Court for Howard County to Attempted Second Degree Murder.  He was sentenced to thirty years incarceration.